21-2960-cr
United States v. Sheltra

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of March, two thousand twenty-three.

PRESENT:
> PIERRE N. LEVAL,
> DENNY CHIN,
> MYRNA PÉREZ,
> *Circuit Judges.*

---

United States of America,

> *Appellee,*

> v.                                                     No. 21-2960-cr

Randy Sheltra,

> *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Jamesa J. Drake, Drake Law, LLC, Auburn, ME, Randy Sheltra, pro se, Fort Dix, NJ. |
| **FOR APPELLEE:** | Barbara A. Masterson, Andrew C. Gilman, Gregory L. Waples, Assistant United States Attorneys, *for* Nikolas P. Kerest, United States Attorney for the District of Vermont, Burlington, VT. |

Appeal from a judgment of the United States District Court for the District of Vermont (Reiss, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 23, 2021 judgment of the district court is **AFFIRMED**.

Randy Sheltra ("Sheltra"), proceeding in part pro se, appeals from a judgment of conviction and sentence entered on November 23, 2021 in the United States District Court for the District of Vermont (Reiss, *J.*) following a trial at which a jury returned a verdict finding Sheltra guilty of all charges in his three-count indictment—two counts of attempted enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), and one count of attempted receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). The district court sentenced Sheltra principally to 180-month terms of imprisonment on each count, to be served concurrently, followed by a 30-year term of supervised release.

Sheltra challenges his conviction on two bases. First, represented by counsel, he argues that the district court abused its discretion by admitting two images of child pornography at trial. Second, proceeding pro se, he argues that his indictment should be dismissed due to outrageous government misconduct. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we discuss only as necessary to explain our decision to affirm.

## I. Factual and Procedural Background

### A. Factual Background

In August 2017, Sheltra posted an advertisement on Craigslist seeking to reconnect with "Alisha," the mother of a young child, with whom he shared "a very specific kind of taboo kink." Gov't App'x at 25, 93. A member of local law enforcement responded, posing as "Meg," a single

mother to a ten-year-old girl. Over the next four days, Sheltra exchanged emails with "Meg," in which he described various sexual acts he intended to perform on her daughter, "Maddie." Sheltra made plans to meet "Meg" and "Maddie." When Sheltra arrived at the agreed-upon meeting location, he was arrested.

Incident to the arrest, law enforcement officers searched Sheltra and seized his cellphone. After obtaining a search warrant to examine the contents of the cellphone, the government discovered two images of child pornography. It also discovered that Sheltra had communicated with and met a fifteen-year-old girl, E.R. During their communications, Sheltra discussed various sexual acts and solicited sexually explicit photographs of E.R., despite knowing she was only fifteen years old. Sheltra then met E.R. near her home, later telling an associate that they had "made out and did some heavy petting." *Id.* at 106. After the meeting, Sheltra continued to solicit sexually explicit photographs of E.R. until she cut off communication.

**B.     Procedural Background**

Prior to trial, the government filed a motion *in limine* seeking to admit the two images of child pornography it recovered from Sheltra's cellphone. The district court initially excluded the images under Federal Rule of Evidence 403, concluding their probative value was substantially outweighed by a danger of unfair prejudice, but cautioned that it might later admit the images if Sheltra "'open[ed] the door' at trial." *Id.* at 15.

At trial, Sheltra testified on direct examination that he had no sexual interest in children. He testified that he had only expressed interest in "Maddie" because he believed that "Meg" would stop communicating with him if he did not. With respect to E.R., he testified that he communicated with her not because he wanted to engage in a sexual relationship, but because she appeared

distraught, and he intuited that she wanted "to feel desired" and he "react[ed] to the situation." *Id.* at 125. Sheltra also denied that any physical contact had taken place when he met with E.R.

During cross-examination, the government asked Sheltra if he had two images of child pornography on his cellphone. Sheltra's counsel objected. Ultimately, the district court ruled that it would admit the images under Federal Rule of Evidence 404(b), reasoning that Sheltra had put the issue of intent "directly in evidence" when he testified that he had no sexual interest in children. *Id.* at 207; *see also id.* at 150. According to the district court, the images were "substantially probative of the defendant's intent" and it "[could not] say that there is any unfair prejudice that substantially outweighs the probative value." *Id.* at 207. But it required the government to lay a better foundation connecting Sheltra to the images. After doing so, the government published the images, and the district court provided a limiting instruction to the jury. The district court instructed:

> [T]he[] photographs that you just saw are not the subject of charges pending in this case at this time. . . . Accordingly, you may not consider evidence of other acts as a substitute for evidence that the defendant committed the crimes charged. Nor may you consider evidence of other acts as evidence that the defendant has a criminal personality, criminal propensity, or a bad character. . . . You may consider it in assessing motive, opportunity, intent, preparation, plan, absence of mistake, or lack of accident.

*Id.* at 153.

The jury returned a verdict finding Sheltra guilty of all charges in the three-count indictment. Sheltra timely appealed.

## II.  Counseled Claim

Under Federal Rule of Evidence 404(b)(1), proof of uncharged crimes or bad acts "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence is admissible, however, for other purposes, "such as proving motive, opportunity, intent, preparation, plan,

4

knowledge, identity, absence of mistake, or lack of accident." *Id.* 404(b)(2). The Court "has long adopted an 'inclusionary' approach to the admission of uncharged crime evidence, under which evidence of prior crimes, wrongs, or acts 'is admissible for any purpose other than to show a defendant's criminal propensity.'" *United States v. Paulino*, 445 F.3d 211, 221 (2d Cir. 2006) (quoting *United States v. Pitre*, 960 F.2d 1112, 1118–19 (2d Cir. 1992)).

Additionally, the Court "accord[s] considerable deference to a district court's decision to admit such evidence, and . . . will reverse only for abuse of discretion." *Paulino*, 445 3d. at 221. "An abuse of discretion under Rule 404(b) requires a determination that 'the district court acted arbitrarily and irrationally.'" *United States v. Brand*, 467 F.3d 179, 196 (2d Cir. 2006) (quoting *Pitre*, 960 F.2d at 1119), *abrogated on other grounds by United States v. Cabrera*, 13 F.4th 140, 147 (2d Cir. 2021). To determine whether the district court properly admitted prior act evidence pursuant to Rule 404(b), we consider:

> (1) the prior acts evidence was offered for a proper purpose; (2) the evidence was relevant to a disputed issue; (3) the probative value of the prior act evidence substantially outweighed the danger of its unfair prejudice; and (4) the court administered an appropriate limiting instruction.

*Id.* (quoting *United States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002)).

Here, only the third consideration—whether the probative value of the prior act evidence substantially outweighed the danger of its unfair prejudice—is at issue. We conclude that the district court did not abuse its discretion in deciding that the probative value of the images substantially outweighed the danger of their unfair prejudice.

Sheltra argues that the images had minimal probative value because the government could not definitively establish when the images were downloaded or if Sheltra had downloaded or viewed them. This argument confuses admissibility with weight of the evidence. As the district court correctly noted, the images were "substantially probative" of Sheltra's intent to engage in sexual

5

acts with children. Gov't App'x at 207. And Sheltra himself put his intent at issue by disavowing any sexual interest in children on direct examination. *See Brand*, 467 F.3d at 197 (concluding that defendant's possession of child pornography was probative of defendant's intent to engage in illicit sexual activity with a minor). That the government could not exactly date the images or conclusively show that Sheltra downloaded them does not negate their probative value. *See United States v. Schultz*, 333 F.3d 393, 416 (2d Cir. 2003) ("Evidence need not be conclusive in order to be relevant. . . . [F]actors which make evidence less than conclusive affect only weight, not admissibility." (internal quotation marks and citations omitted)). Accordingly, the district court did not abuse its discretion in finding that the images were probative of Sheltra's sexual interest in and intent to engage in sexual activity with "Maddie" and E.R.

Sheltra also argues that the images were of such an "inflammatory, salacious nature . . . [that] the . . . reaction that any juror would have to such [] image[s] almost certainly undermines the efficacy of any curative instruction." Appellant Br. at 22. This argument is also unavailing. Though the images were disturbing, they were not "worse" or more "shocking" than the charged conduct, which involved sexually explicit communication with a child, solicitation and receipt of images of that child partially unclothed, and detailed accounts of sexual acts to be performed on another child in concert with the child's mother. *See United States v. Mercado*, 573 F.3d 138, 142 (2d Cir. 2009) (other act evidence not unduly prejudicial in part because it did not involve conduct more serious than the charged crimes).

In addition, the district court issued a careful limiting instruction regarding the images. *See id.* (other act evidence not unduly prejudicial in part because the district court also "gave several careful instructions to the jury regarding what inferences it could draw from the admitted evidence"); *United States v. Williams*, 205 F.3d 23, 34 (2d Cir. 2000); *United States v. Guang*, 511

F.3d 110, 121 (2d Cir. 2007). Because the two images had substantive probative value that outweighed the danger of their unfair prejudice, the district court did not abuse its discretion by admitting them.

**III.    Pro Se Claims**

"A motion to dismiss an indictment alleging outrageous governmental conduct is a question of law directed to the trial judge and review of rulings thereon is de novo."[1] *United States v. Cuervelo*, 949 F.2d 559, 567 (2d Cir. 1991). "To meet the 'very heavy' burden of establishing a due process violation to dismiss an indictment for outrageous governmental misconduct, a defendant must show that the Government's conduct was 'so outrageous that common notions of fairness and decency would be offended were judicial process invoked to obtain a conviction.'" *United States v. Walters*, 910 F.3d 11, 27 (2d Cir. 2018) (quoting *United States v. Al Kassar*, 660 F.3d 108, 121 (2d Cir. 2011)). The government's conduct must be "so offensive that it 'shocks the conscience.'" *United States v. Chin*, 934 F.2d 393, 398 (2d Cir. 1991) (quoting *Rochin v. California*, 342 U.S. 165, 172 (1952)).

Sheltra contends that his indictment should be dismissed because of six separate incidents of outrageous governmental misconduct. They are: (1) the undercover agent's denial that she was an undercover agent and the police's failure to ask Sheltra about his motive in going to meet "Meg" before arresting him; (2) the government's failure to prosecute a twenty-five-year-old man who Sheltra alleges was in a sexual relationship with E.R.; (3) the government's repeated statements that it had proven all elements of the charges during closing argument; (4) improper questions at arraignment that sought to elicit information about the use of his purported securities, trust, and

---

[1] The government argues that we should review four of the six incidents for plain error because Sheltra failed to raise them in district court. We need not reach the issue because all of Sheltra's claims of outrageous governmental misconduct fail on de novo review.

estate; (5) the failure of the district court, acting as a trustee, to settle the "trust," *i.e.*, the lawsuit, against him; and (6) Sheltra's lack of opportunity to "face [his] accuser (the United States Government)." Pro Se Appellant Br. at 3–5. Assuming arguendo that these instances constitute misconduct, which they do not, Sheltra still does not prevail because none are "so outrageous that common notions of fairness and decency would be offended were judicial process invoked to obtain a conviction." *Al Kassar*, 660 F.3d at 121 (quotation marks omitted). At bottom, none of Sheltra's examples of alleged governmental misconduct are so offensive as to shock the conscience. *See Walters*, 910 F.3d at 28.

We have considered all of Sheltra's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court